IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

MARK CHAVEZ,

    Petitioner,

     v.                                           No. 15-CV-01176-MV-SCY

PHILLIP GREER, *Chief of Metropolitan Detention Center*, HECTOR BALDERAS, *New Mexico Attorney General*, SEVENTH JUDICIAL DISTRICT COURT, *County of Torrence, State of New Mexico*,

    Defendants.

MEMORANDUM OPINION AND ORDER OF DISMISSAL

This matter is before the Court, *sua sponte*, under Rules 1(b) and 4 of the Rules Governing Section 2254 Cases in the United States District Courts, on Petitioner Mark Chavez's Petition For a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 [Doc. 1] and Appendix/Supplement to his Petition for Writ of Habeas Corpus [Doc. 3]. Because Petitioner has paid the $5.00 filing fee [*see* Doc. 5], his Financial Certificate [Doc. 4], which the Court will construe as a motion to proceed *In Forma Pauperis* pursuant to 28 U.S.C. § 1915, will be denied as moot. For the reasons explained below, Petitioner's § 2241 Petition will be dismissed.

Petitioner has been charged with second degree murder in the Seventh Judicial District of the State of New Mexico. [Doc. 1 at 2] *See State v. Chavez*, D-722-CR-20150004. Petitioner, who has not yet been convicted or sentenced, challenges various pretrial rulings made by the presiding judge, the Honorable Kevin R. Sweazea. [Docs. 1, 3] Specifically, Petitioner alleges that Judge Sweazea violated Petitioner's rights under the United States and New Mexico Constitutions by: (1) denying his motion to suppress physical evidence; (2) denying his motion to

recuse Judge Sweazea; and (3) denying his motion to dismiss appointed counsel for ineffective assistance of counsel. [Docs. 1, 3] In his prayer for relief, Petitioner asks this Court to reverse Judge Sweazea's rulings and "revive the submitted evidence and the itemized list of exhibits." [Doc. 1 at 6 and Doc. 3 at 2]

Although "§ 2241 is the proper avenue by which to challenge pretrial detention," *Walk v. Edmondson*, 472 F.3d 1227, 1235 (10th Cir. 2007), it is well established that "[a]bsent unusual circumstances, a federal court is not permitted to intervene in ongoing state criminal proceedings." *Id.* at 1232. Pursuant to *Younger v. Harris*, 401 U.S. 37 (1971), a federal court must abstain from exercising jurisdiction when:

> (1) there is an ongoing state criminal, civil, or administrative proceeding, (2) the state court provides an adequate forum to hear the claims raised in the federal complaint, and (3) the state proceedings involve important state interests, matters which traditionally look to state law for their resolution or implicate separately articulated state policies.

*Amanatullah v. Colorado Bd. of Med. Exam'r*, 187 F.3d 1160, 1163 (10th Cir. 1999). "*Younger* abstention is non-discretionary; it must be invoked once the three conditions are met, absent extraordinary circumstances." *Id.*

All three conditions for *Younger* abstention are met in the present case. First, there is an ongoing state criminal proceeding. *See State v. Chavez*, D-722-CR-20150004. Second, the state court provides an adequate forum to hear the constitutional claims raised in the § 2241 Petition. *See Fisher v. Whetsel*, 142 F. App'x 337, 339 (10th Cir. 2005) (holding that the petitioner had an adequate forum for his habeas claims when he could present those claims on direct appeal in state court) (unpublished). Third, the state has "an important interest in enforcing its criminal laws through proceedings in its state courts." *Id.* Therefore, absent the existence of extraordinary

circumstances, the Court must abstain from exercising jurisdiction pursuant to the *Younger* doctrine.

"The *Younger* abstention doctrine does not apply in cases of proven harassment or prosecution undertaken by state officials in bad faith without hope of obtaining a valid conviction and perhaps in other extraordinary circumstances where irreparable injury can be shown." *Amanatullah*, 187 F.3d at 1165 (internal quotation marks and citation omitted).  To determine whether a prosecution was commenced in bad faith or for the purpose of harassment, the courts consider:

> (1) whether it was frivolous or undertaken with no reasonably objective hope of success; (2) whether it was motivated by the defendant's suspect class or in retaliation for the defendant's exercise of constitutional rights; and (3) whether it was conducted in such a way as to constitute harassment and an abuse of prosecutorial discretion, typically through unjustified and oppressive multiple prosecutions.

*Phelps v. Hamilton*, 122 F.3d 885, 889 (10th Cir. 1997).  Petitioner bears a "heavy burden to overcome the bar of *Younger* abstention by setting forth more than mere allegations of bad faith or harassment."  *Id.*

Petitioner does not allege that the pending criminal prosecution in the Seventh Judicial District is frivolous, has no reasonably objective hope of success, was motivated by Petitioner's suspect class, or was commenced in retaliation for Petitioner's exercise of his constitutional rights. Furthermore, Petitioner does not allege that he has been harassed by an excessive number of prosecutions.  *See Phelps v. Hamilton*, 59 F.3d 1058, 1066 (10th Cir. 1995) (holding that the plaintiff "must demonstrate both the existence of a substantial number of prosecutions and that a reasonable prosecutor would not have brought such multiple charges under similar circumstances").

Petitioner also fails to allege the existence of an irreparable injury. "[I]n view of the fundamental policy against federal interference with state criminal prosecutions, even irreparable injury is insufficient unless it is both great and immediate." *Younger*, 401 U.S. at 46.

> Certain types of injury, in particular the cost, anxiety, and inconvenience of having to defend against a single criminal prosecution, could not by themselves be considered irreparable in the special legal sense of that term. Instead, the threat to the plaintiff's federal protected rights must be one that cannot be eliminated by his defense against a single criminal prosecution.

*Id.* In the present case, the constitutional violations alleged in the § 2241 Petition may be rectified in the ongoing state criminal proceeding and, therefore, "the *Younger* doctrine is particularly applicable." *Wilson v. Morrissey*, 527 F. App'x 742, 745 (10th Cir. 2013) (concluding that the plaintiff had failed to demonstrate the existence of an irreparable injury because the "pending state proceeding may rectify the constitutional violations") (quoting *Weitzel v. Div. of Occupational & Prof'l Licensing of Dep't of Commerce of Utah*, 240 F.3d 871, 876 (10th Cir. 2001)) (unpublished). Therefore, the Court will abstain from exercising jurisdiction pursuant to the *Younger* doctrine and dismiss Petitioner's § 2241 Petition without prejudice.

Pursuant to Rules 1(b) and 11 of the Rules Governing Section 2254 Cases in the United States District Courts, the Court determines that Petitioner has failed to make a substantial showing that he has been denied a constitutional right. Therefore, the Court will deny a certificate of appealability.

IT IS THEREFORE ORDERED that Petitioner's motion to proceed *In Forma Pauperis* [Doc. 4] will be DENIED as moot;

4

IT IS FURTHER ORDERED that the Petition For a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 [Doc. 1] and Appendix/Supplement to his Petition for Writ of Habeas Corpus [Doc. 3] are DISMISSED without prejudice; a certificate of appealability is DENIED; and judgment will be entered.

_____
UNITED STATES DISTRICT JUDGE